UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA AVIEL,<br><br>*Plaintiff,*<br><br>–v.–<br><br>SERGIO GOR, *et. al.*,<br><br>*Defendants.* | Case No. 25-cv-00778 |

**PLAINTIFF'S MOTION FOR IMMEDIATE ADMINISTRATIVE STAY, TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION**

Under Local Civil Rule 65.1(a), Plaintiff Sara Aviel, in her individual capacity and her official capacity as President of the Inter-American Foundation (IAF), hereby moves for a temporary restraining order/preliminary injunction, **and for an immediate administrative stay, for the reasons explained below**, enjoining Defendants from taking any action inconsistent with the authority she holds in that position. In particular, Plaintiff seeks a temporary restraining order and preliminary injunction ordering: (1) that she may not be removed from her office as President of the IAF, or any way be treated as having been removed, denied or obstructed in accessing any of the benefits or resources of her office, or otherwise be obstructed from her ability to carry out her duties, absent a decision by the lawfully-constituted board of the IAF to remove her from that office; (2) that the Defendants may not appoint Peter Marocco or any other person as an acting member of the Board of the IAF—or otherwise recognize any other person as a member of the Board of the IAF absent Senate confirmation—or as President of the IAF absent appointment by a lawfully-constituted board; and (3) that any actions taken or contemplated to be taken by Defendant Peter Marocco, any other Defendant or any other person acting in concert with

Defendants purportedly as a member of the Board of the IAF, absent Senate confirmation, are void *ab initio* and without effect.

As set forth in more detail in the accompanying brief, Defendant Peter Marocco's purported appointed as acting Chair of the Board of the IAF violates the Inter-American Foundation Act, the Federal Vacancies Reform Act, and the Appointments Clause of the United States Constitution. Plaintiff will suffer irreparable injury if Defendant Peter Marocco's purported appointed is permitted to persist.

A temporary restraining order **and an immediate administrative stay** are necessary because Defendants have ordered return of all unspent grant funds by March 19, 2025, and Defendants appear in the midst of shutting down the IAF completely. Under Local Civil Rule 65.1(a), at 10:00 a.m. on March 17, 2025, counsel for the Plaintiff emailed the three Directors of the Federal Programs Branch of the Department of Justice (the "Directors") to provide actual notice that Plaintiff was filing a complaint and motion for temporary restraining order/preliminary injunction in this action, and to request that Defendants agree not to take action inconsistent with the requested relief.  As of 1:00 p.m., counsel for the Plaintiff has received no response. Counsel for Plaintiff has provided the Directors with electronic copies of the complaint, motion for temporary restraining order/preliminary injunction, and accompanying brief, declaration, and proposed order via e-mail before completing this electronic filing.

Dated: March 17, 2025                                   Respectfully submitted,

*/s/ Aaron S.J. Zelinsky*
Aaron S.J. Zelinsky*
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444

Fax: (410) 659-0436
azelinsky@zuckerman.com

Aaron Chou (DC Bar No. 90020425)*
M Moore (DC Bar No. 90004368)
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8106
achou@zuckerman.com
mmoore@zuckerman.com

*Counsel for Plaintiff Sara Aviel*

*Pro hac vice pending*