UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARA AVIEL,

          *Plaintiff,*

          –v.–

SERGIO GOR, *et. al.*,

          *Defendants.*

Case No. 25-cv-00778-LLA

**SUPPLEMENTAL DECLARATION OF SARA AVIEL**

    1.    I am the President and CEO of the Inter-American Foundation (IAF). I furnish this Declaration to supplement my Declaration dated March 17, 2025, and to provide additional, relevant facts in support of my Motion for Temporary Restraining Order/Preliminary Injunction.

    2.    As I stated in my prior Declaration, I was purportedly fired by the Office of Presidential Personnel at the direction of President Trump. On the evening of February 26, 2025, I received an email from Trent Morse of the Office of Presidential Personnel informing me that, at the direction of President Trump, my position at the IAF had been terminated, effectively immediately. Attached as Exhibit D is the email from Trent Morse to me, dated February 26, 2025.

    3.    My final Leave and Earnings Statement that I received shows that I accrued twenty-four (24) hours of work from the pay period beginning February 24 and ending March 8, meaning that my employment was considered by the Government to have terminated on February 26. Additionally, my formal Notification of Personnel Action also states that the effective date of my

termination was February 26, 2025. Attached as Exhibit E is a copy of my final Leave and Earnings Statement.

4. As far as I am aware, Peter Marocco did not fire me. I never received an email from Marocco stating that my position had been terminated. I have never had any direct communication with Marocco.

5. Rather, Marocco—while purportedly acting as Chair of the Board of the IAF—voted to appoint himself as temporary interim President and CEO of the IAF during a closed-door Board meeting held on February 28. 2025. Attached as Exhibit F are minutes from that meeting. The Federal Register information regarding that meeting can be found at 90 Fed. Reg. 11546.

6. I continue to believe that every day I am illegally barred from my position, I suffer irreparable harm through my inability to advance the commitment I made to this agency, its critical mission, and its many partners and stakeholders. The IAF no longer resembles the agency that I helped lead. Although I am at an information disadvantage because I do not have access to my IAF email or IAF resources, my understanding is that DOGE has no intention of abandoning its planned reduction-in-force (RIF) of substantially all employees on April 4, 2025. In my prior Declaration, I stated my understanding that all but three employees were put on administrative leave. All but one are subject to the planned RIF on April 4, 2025. That is consistent with a post from DOGE's official X account, which states that Defendants intend to leave only one active employee at the IAF. My understanding is that this individual is Dominic Bumbaca. This means the remainder of IAF's employees, including the General Counsel and other senior management, are set to be terminated in less than 48 hours. Attached as Exhibit G is a copy of the post from DOGE's official X account.

7. Furthermore, Congress has continued to appropriate funds to the IAF, including as recently as this past month, allowing it to operate consistent with its statutory purpose. I believe I am uniquely positioned to be able to work with various stakeholders during this key time for appropriations and congressional outreach to support the continuation of the IAF's work in a cost-effective, transparent manner that can address this administration's policy priorities. No subsequent remedy—including money or post-judgment reinstatement—will make up for each day in the interim that I was unlawfully prevented from serving as President of the IAF.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing declaration is true and correct.

Dated this 31st of March, 2025, and executed in Washington, D.C.

Signed: _/s/ Sara Aviel_

Print Name: Sara Aviel