UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARA AVIEL,

        Plaintiff,

   v.

SERGIO GOR, et al.,

        Defendants.

Civil Action No. 25-0778 (LLA)

**DEFENDANTS' MOTION TO STAY THE COURT'S ORDER PENDING APPEAL**

      On February 24 and 26, 2025, the President exercised his lawful authority under Article II when he removed the Board of Directors of the Inter-American Foundation ("the Foundation") and subsequently designated Peter Marocco as an acting Board member. On February 28, 2025, Marocco exercised his authority as the sole member of the Board to remove Plaintiff Sara Aviel from her position as president of the Foundation. Nonetheless, on March 17, 2025, Aviel filed this action challenging her removal, Compl. (ECF No. 1), and immediately sought a temporary restraining order and preliminary injunction. See ECF No. 5. On April 4, 2025, the Court granted Aviel the preliminary injunction, reinstated Aviel as the president of the Foundation, and voided all decisions that Marocco made on behalf of the Foundation. Mem. Op. at 1 (ECF No. 22).

      This relief constitutes an extraordinary intrusion into the President's authority. Accordingly, Defendants have now appealed the Court's order and plan to seek a stay pending appeal from the United States Court of Appeals for the D.C. Circuit. Because the Court erred in issuing the preliminary injunction and to ensure compliance with Federal Rule of Appellate Procedure 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."), Defendants respectfully move the Court to

stay its preliminary injunction pending an appeal. As required under Local Rule 7(m), prior to filing this motion, Defendants' sought Plaintiff's position on the relief sought in this motion. Plaintiff opposes this motion.

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, these factors weigh in favor of a stay.

First, defendants have a strong likelihood to succeed on the merits. The Constitution vests the entirety of the "executive Power" in the President, who is given the sole responsibility to "take Care that the Laws be faithfully executed." Art. II, § 1, cl. 1; *id*. § 3. When no statute precludes it, the President has the concomitant power to name acting officials when necessary to fulfill his constitutional duties. See *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 637 (1952) (Robert Jackson, J. Concurring) ("congressional inertia, indifference or quiescence may sometimes, at least as a practical matter, enable, if not invite, measures on independent presidential responsibility"). No statute precluded President Trump from designating Marocco as an acting Board Member. And as the sole Board Member, Marocco had the authority to remove Aviel from her position as the Foundation president. See 22 U.S.C. § 290f(l)(1). Moreover, this Court exceeded its equitable power in reinstating Aviel to her position as CEO. *See Dellinger v. Bessent*, No. 25-5028, 2025 WL 559668, at *14 (D.C. Cir. Feb. 15, 2025) (Katsas, J., dissenting) (explaining that *de jure* reinstatement "impinges on the 'conclusive and preclusive' power through which the President controls the Executive Branch that he is responsible for supervising") (quoting *Trump v. United States*, 603 U.S. 593, 614 (2024)).

Second, the balance of equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that these factors merge in cases involving the government). As explained, the preliminary injunction—which reinstalled Aviel in an office from which she had been removed and voided the decisions of a Presidentially designated acting Board Member—is an extraordinary act.). The President is being prevented from designating a Foundation Board that would be empowered to select a Foundation president committed to implementing the President's agenda. The President must instead retain Foundation leadership who will exercise executive power outside the President's supervision or control. That sort of harm—to the Executive Branch, to the separation of powers, and to our democratic system—is irreparable.

Conversely, Aviel has not established that she will suffer irreparable harm if the Court's order is stayed pending appeal. Although Aviel's removal deprives her of her employment and salary, such consequences ordinarily do not amount to *irreparable* injury, "however severely they may affect a particular individual." *Sampson* v. *Murray*, 415 U.S. 61, 92 n.68 (1974). The traditional remedy for such claims has been an award of back pay at the end of the case, not interim reinstatement. *See Dellinger v. Bessent*, No. 25-5052, 2025 U.S. App. LEXIS 6914, at \*10 (D.C. Cir. Mar. 10, 2025) (per curiam). And to the extent Aviel asserts irreparable harm to the functioning of the Foundation itself, that assertion is misplaced, because "harm that might befall unnamed third parties does not satisfy the irreparable harm requirement in the context of emergency injunctive relief, which must instead be connected specifically to the parties before the Court." *State v. Musk*. --- F. Supp. 3d ---, 2025 WL 520583, at \*4 (D.D.C. Feb. 18, 2025) (quoting *Church v. Biden*, 573 F. Supp. 3d 118, 146 (D.D.C. 2021)); *see also Kansas v. United States*, 124

F.4th 529, 534 (8th Cir. 2024) ("The irreparable-harm analysis focuses on the moving party, not the nonmoving party or some third party.") (citation omitted).

For these reasons, the Court should grant a stay of its preliminary injunction order pending resolution of Defendants' appeal.

| | |
|---|---|
| Dated: April 5, 2025<br>Washington, DC | Respectfully submitted,<br><br>EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney<br><br>By:     */s/ John J. Bardo*<br>JOHN J. BARDO, D.C. Bar #1655534<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 870-6770<br><br>*Attorneys for the United States of America* |