**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SARA AVIEL,<br><br>       *Plaintiff,*<br><br>       –v.–<br><br>SERGIO GOR, *et. al.*,<br><br>       *Defendants.* | Case No. 25-cv-00778-LLA |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY

Plaintiff Sara Aviel respectfully submits this response in opposition to Defendants' motion to stay the Court's Order granting Plaintiff's motion for preliminary injunction. ECF No. 27 ("Mot.").[1] The Court should deny Defendants' motion because it satisfies none of the requirements for a stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (listing factors and noting "[t]here is substantial overlap between these and the factors governing preliminary injunctions").

First, the stay applicant—here, the government—has not made a strong showing that it is likely to succeed on the merits. In their motion to stay, the government argues again that "[n]o statute precluded President Trump from designating Marocco as an acting Board Member," and thus the President has "concomitant power" to make such an appointment. Mot. at 2. But Defendants have nothing to say about the Federal Vacancies Reform Act ("FVRA"), completely

---

[1] After the Court issued an order directing Plaintiff to file this response to Defendants' motion to stay, and for Defendants to file their reply by 6:00 p.m., Defendants filed a motion to stay the underlying order pending appeal in the Court of Appeals. No. 25-5105, Doc. No. 2109590. Plaintiff's counsel admits to being deeply perplexed with Defendants' decision to seek a stay, before this Court has ruled on Plaintiff's motion. D.C. Circuit Rule 8(a) clearly requires that Defendants "state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and *state any reasons given by the district court for its action*." D.C. Cir. R. 8(a)(2)(A) (emphasis added). That is, of course, not possible when the Court had yet to receive the briefing it ordered in this matter and has not issued a decision, let alone provided any reasons for it.

ignoring the Court's assessment in its recent Memorandum Opinion that the FVRA's invalidation of actions by improperly-appointed officers "*expressly encompasses* 'vacant office[s] to which . . . [Section] 3349c appl[ies].'"  ECF No. 22, Mem. Op. at 16 (quoting 5 U.S.C. § 3348(d)(1)).  And as the Court explained at length, Defendants are also unlikely to succeed on the merits, given their advancement of a wholly unsupported position regarding the President's inherent power to fill *any* principal-officer vacancy with an "acting" official.  *Id.* at 19 ("Because accepting Defendants' arguments would leave parts of the Constitution in tatters, Ms. Aviel has shown a substantial likelihood of success on the merits.").

Second, Defendants will not be irreparably injured absent a stay, but issuing a stay will irreparably Ms. Aviel and other parties interested in the proceeding.  *See Nkem*, 556 U.S. at 434. This Court's order enjoined the Reduction in Force ("RIF") of the entire staff of the IAF.  This RIF was scheduled to take place at midnight on April 4, 2025.  The Court structured its scheduling around that impending deadline and took efforts to rule hours before the RIF could take effect. Issuing a stay now would unwind this Court's order and allow the RIF to take place, without any time or ability for the parties to fully brief the issue at the Court of Appeals or for the Court of Appeals to consider the matter on the merits.  The point of an administrative stay is to "*minimize* harm while an appellate court deliberates."  *United States v. Texas*, No. 23-A-815, 601 U.S. __ (2023), at *3 (Barrett, J., concurring) (emphasis added).  But the RIF will not minimize harm.  If Defendants are successful on appeal, the RIF can take place just as easily at a later point in time. But the consequences of staying the judgment are catastrophic to Ms. Aviel, while allowing this Court's order to stand for the short amount of time until briefing in the Court of Appeals has no demonstrable downside to any party.  If there is a stay and the Court's order is subsequently sustained on appeal, there will be no way to un-fire the terminated employees and restore the gutted

agency, as many will have no doubt moved on to other employment. On the other hand, if there is no stay and the Court is overturned on appeal, the RIF can continue unimpeded.

For the reasons the Court has provided in granting Plaintiff's motion for a preliminary injunction, the government is similarly unable to satisfy the public interest factor. As the Court observed, "[t]here can be no public interest in [Ms. Aviel's] unlawful removal." ECF No. 22, Mem. Op. at 23. As with the corresponding preliminary injunction factor, there is no public interest in a stay that would perpetuate an unlawful agency action. *See W. Flagler Assocs. v. Haaland*, 2021 WL 9031913, at *2 (D.D.C. Nov. 24, 2021) (applying *League of Women Voters* to stay analysis); *see also In re NTE Conn., LLC*, 26 F.4th 980, 992 (D.C. Cir. 2022) (Wilkins, J., dissenting) (explaining that the failure to show one "is likely to succeed on the merits [] in turn undermines its showing that the public interest and balance of equities support a stay"). Defendants then argue for the first time that this Court exceeded its equitable power in reinstating Ms. Aviel to her position. ECF No. 27 at 2. But Defendants never briefed this argument, even when Ms. Aviel anticipatorily noted that she would nonetheless be entitled to a writ of mandamus. ECF No. 20 at 17 n.5. Moreover, they cite Judge Katsas's dissenting opinion in *Dellinger v. Bessent*, No. 25-5028, 2025 WL 559669, at *16 (D.C. Cir. Feb. 15, 2025), which explained that an injunction that directs the President to work with an official whom "*he removed*" impinges on the President's core Article II powers. That has no application here, where Defendants have all but conceded that the President lacked the authority to remove Ms. Aviel in the first place. Granting injunctive relief for Ms. Aviel does not require formal presidential re-appointment, since she was never presidentially appointed in the first place (she was appointed by the Board), and the Court's injunction properly "maintain[ed]," rather than "alter[ed]," the status quo. ECF No. 22, Mem. Op. at 24 n.6.

For the foregoing reasons, the Court should deny Defendants' motion to stay the Preliminary Injunction pending appeal.

Dated: April 8, 2025                                       Respectfully submitted,

                                                          _/s/ Aaron S.J. Zelinsky_____
                                                          Aaron S.J. Zelinsky*
                                                          ZUCKERMAN SPAEDER LLP
                                                          100 East Pratt Street, Suite 2440
                                                          Baltimore, MD 21202
                                                          Tel: (410) 332-0444
                                                          Fax: (410) 659-0436
                                                          azelinsky@zuckerman.com

                                                          Aaron Chou (DC Bar No. 90020425)*
                                                          M Moore (DC Bar No. 90004368)
                                                          ZUCKERMAN SPAEDER LLP
                                                          2100 L Street NW, Suite 400
                                                          Washington, DC 20037
                                                          Tel: (202) 778-1800
                                                          Fax: (202) 822-8106
                                                          achou@zuckerman.com
                                                          mmoore@zuckerman.com

                                                          *Attorneys for Plaintiff Sara Aviel*

                                                          *Admitted pro hac vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 8th day of April, 2025, I caused the foregoing to be served

on counsel of record via the Court's electronic case filing system.

> */s/ Aaron S.J. Zelinsky*
> Aaron S.J. Zelinsky
>
> *Attorney for Plaintiff Sara Aviel*