UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARA AVIEL,<br><br>           Plaintiff,<br><br>    v.<br><br>SERGIO GOR, et al.,<br><br>           Defendants. | Civil Action No. 25-0778 (LLA) |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STAY THE COURT'S ORDER PENDING APPEAL**

In her opposition to Defendants' motion to stay the court's preliminary injunction order pending appeal ("Opp'n" ECF No. 30), Plaintiff Sara Aviel fails to advance any arguments that would warrant denying Defendants' motion.

The Court's Order reinstates Aviel to an office where she will be able to exercise executive power, yet simultaneously prohibits the President from supervising Aviel's exercise of that power either directly or through the designation of an acting member of the Inter-American Foundation's Board. The Court's Order deprives the President of any mechanism to discharge his own constitutional duty to take care that the laws be faithfully executed. It also ruptures the chain of accountability that must run from the President to subordinates exercising executive power on his behalf. The outcome produced by the Court's Order is at odds with our constitutional structure and imposes immediate harm to the government. The Defendants are thus likely to prevail in their appeal from this Court's order, which should be stayed in the interim.

Aviel argues that the Federal Vacancies Reform Act ("Vacancies Act") prevented the President from designating Peter Marocco as the acting Chair of the Foundation's Board. Opp'n at 1. This argument lacks merit. As this Court recognized, Congress created a carve-out in the

Vacancies Act for "any member who is appointed by the President, by and with the advice and consent of the Senate to any board, commission, or similar entity that is composed of multiple members; and governs an independent establishment or Government corporation." 5 U.S.C. § 3349c(1).  As a government corporation run by a multi-member board, the Inter-American Foundation ("the Foundation") fits into this exception.  *See* 22 U.S.C. § 290f(a), (g).  Because the Vacancies Act itself does not apply to the Foundation, then the Vacancies Act's § 3348(d)(1), which voids the actions of officials who were acting in a position in violation of the Act, would not apply to the Foundation either.  *See Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 121 (2000) (statutory provisions "must [be] place[d] . . . in context"—including in the context of each other—and "interpret[ed] . . . to create a symmetrical and coherent regulatory scheme.").  Thus, Defendants' Vacancies Act arguments are likely to succeed on the merits.

Aviel otherwise fails to identify any statute that limits the President's inherent authority to designate acting Foundation Board Members.  Opp'n at 1-2.  Because Congress did not place any limits on the President's authority to designate acting Board Members, the President retains the inherent authority to make these temporary designations as the Senate considers his nominees for full-term Board positions.  *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 637 (1952) (Jackson, J., concurring); *Swaim v. United States*, 165 U.S. 553, 557–58 (1897).

That power flows from core Article II principles.  "Only the President (along with the Vice President) is elected by the entire Nation."  *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. 197, 224 (2020).  And the President has entrusted Marocco with temporary leadership of the Foundation.  Voiding Marocco's actions as chair of the Foundation Board and ordering Aviel's reinstatement as Foundation president, even temporarily, deprives the President of his power and

responsibility to oversee the exercise of executive power. Forcing the President to retain Foundation leadership against his will would be an intrusion into the President's authority to exercise "all of" the "executive Power" of the United States. *Seila L. LLC*, 591 U.S. at 203; *see also Harris v. Bessent*, Civ. A. No. 25-5055, 2025 U.S. App. LEXIS 7301, at *48-49 (D.C. Cir. Mar. 28, 2025) (Walker, J, Concurring) (granting preliminary relief would "disenfranchise[] voters by hampering the President's ability to govern during the four short years the people have assigned him the solemn duty of leading the executive branch"); *Dellinger v. Bessent*, 2025 U.S. App. LEXIS 3987 (D.C. Cir. Feb. 15, 2025) (Katsas, J., Dissenting) ("Allowing another branch of government to insulate executive officers from presidential control—whether by congressional statute or judicial injunction—would sever a key constitutional link between the People and their government."). It would also break the chain of command that ensures that officials exercising executive power are ultimately accountable to the President and, through him, to people.

In attempting to show that a stay would cause irreparable harm, Aviel references the planned reduction in force. Opp'n at 2. The President directed that the Foundation's "statutory functions and associated personnel" be "reduce[ed] . . . to the minimum presence and function required by law." Exec. Order No. 14,217, 90 Fed. Reg. 10577 (Feb. 25, 2025). The reduction in force is thus part of the Foundation leadership's efforts to comply with this Executive Order. Aviel's attempt to halt those efforts not only demonstrate that she does not intend to comply with the President's Executive Order, but also that she is seeking judicial sanction to run the Foundation in a manner contrary to the President's express directive.

Accordingly, the Court should stay its preliminary injunction order while the D.C. Circuit considers Defendants' appeal.

Dated: April 8, 2025
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:     */s/ John J. Bardo*
JOHN J. BARDO, D.C. Bar #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*