# Exhibit L



March 2, 2025


Sara Aviel
President and CEO
Inter-American Foundation


Dear Sara,

We are writing to inform you that as of today, the governance of the IAF remains unaltered and in place consistent with our statutory requirements and current law. This is to say that the four Board Members duly appointed and confirmed by the Senate shall continue to serve until our replacements are duly qualified. We do not consider the assignment of Peter Marocco to the role of board chairman, sent via email to the IAF Chief Operating Officer on February 28, 2025, to be a valid appointment as required by IAF's enabling statute. Per the agency's statute, only duly qualified members of the agency's Board of Directors may hire or fire you, the agency's President and CEO. Accordingly, you remain the agency's President and CEO and we direct you and IAF staff to remain engaged in the regular operations of the Foundation, including continuing important monitoring and oversight of the agency's grantees. A widespread termination of grants, contracts, and employees would cause the agency to be unable to meet its statutory mission. Furthermore, any reorganization of the agency must follow the law, including Congressional consultation. Additionally, deny access to IAF's systems and files to anyone outside the organization. Please inform Mr. Trent Morse that his conclusions and intended actions – including the substitution of Board Members outside the regular nominations process – are contrary to the law.

The Constitution defines the powers of each branch of the government and states that the President "by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

The President shall have Power to fill up all Vacancies that may happen during the Recess of the Senate, by granting Commissions which shall expire at the End of their next Session." Article II, Section 2 of the United States Constitution.

The Constitution states that the default is that the President's power to appoint is subject to the advice and consent of the Senate *unless Congress otherwise directs*, subject only to the

1

ability to make recess vacancies. In the case of the IAF Board Members, Congress has clearly chosen to continue to reserve that power for themselves, noting that Board members are "appointed by the President, by and with the advice and consent of the Senate," 22 U.S.C. 290f(g). Accordingly, the President may not appoint IAF Board Members without the consent of the Senate except in the event of a recess of the Senate.  We are not currently in a Senate recess.

Congress also chose to create a limited exception in the Federal Vacancies Reform Act of 1998 (Vacancies Act), which crafts a time-limited (5 U.S.C. 3346), Congressionally-monitored (*Id.* at 3349) way for Presidentially appointed, Senate confirmed positions to be temporarily filled either by First Assistants or, at the direction of the President, other officials who have already been Senate confirmed (*Id.* at 3345).

The Vacancies Act, however, expressly excludes government corporations that are headed by multi-member boards from the exceptions allowing temporary appointments without Senate confirmation. *Id.* at 3349c. IAF's presidentially appointed, Senate confirmed Board positions therefore cannot be filled under the Vacancies Act. Generally when an exception to the rule does not apply, one returns to the rule automatically, and the Vacancies Act makes that intent clear: "Unless an officer or employee is performing the functions and duties in accordance with sections 3345, 3346, and 3347, if an officer of an Executive agency… whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office— (1)*the office shall remain vacant*." Id. at 3348(b) (emphasis added).

The limitations of the Vacancies Act were intended by Congress, who holds the power to determine whether or not the President may make an appointment outside of the Senate confirmation process and the recess appointment process. The Vacancies Act was crafted with multiple restrictions and exemptions, with a clear intent that anything carved out of the Act would result in a vacant seat.

It is worth noting here that the reading of the Vacancies Act proposed in Mr. Trent Morse's email–that because IAF is exempt from the Vacancies Act, the President is free to appoint whomever he wishes at any time so long as it is temporary–directly negates the careful crafting of the Vacancies Act and the clear delineation of powers in the Constitution. As proposed by Mr. Morse, the President may temporarily appoint officials to presidentially appointed senate confirmed positions under the Vacancy Act and if the Vacancy Act is not applicable, the President may temporarily appoint officials to presidentially appointed senate confirmed positions. This reading makes the "advice and consent of the Senate" as required in the Constitution meaningless. "The Senate's advice and consent power is a critical "structural safeguard[ ] of the constitutional scheme." *NLRB v. SW General, Inc*, 137 S. Ct. 929 (Mar. 21, 2017) (*quoting Edmond v. United States*, 520 U. S. 651, 659 (1997)).

Additionally, although Mr. Morse's email does not state there is some form of emergency level threat that the IAF will immediately fail to operate or will act in violation of lawful orders, it

states that such an extraordinary measure is necessary to "ensur[e] the agency is running, [and] complying with his executive order," thereby implying that the assignment of a temporary acting board chair is required to ensure that the IAF operates and complies.[1] The IAF has complied with not just one Presidential executive order–it has complied with all those applicable of President Trump's 75+ Executive Orders issued in 38 days. This is remarkable for an independent microagency with 37 staff tasked with many of the same requirements as agencies who have staff in the tens of thousands. The IAF also has continued to operate as best it can within the constraints placed upon it by those Executive Orders–the only portion of IAF currently not operating is its grant program, which is currently on hold per Executive Order "Reevaluating and Realigning United States Foreign Aid".

Even if the assignment of a new board chair were permissible, the new chair would be as constrained as the current board members in resuming IAF to full operations before the end of the Executive Order's freeze. We Board members heartily look forward to assisting the IAF in resuming its statutorily mandated mission and purpose as soon as possible and remain committed to ensuring that IAF is in compliance with all lawful orders.

Finally, Mr. Marocco's actions taken while improperly designated should be voided. The Vacancies Act directs that "(1) An action taken by any person who is not acting under [the Vacancies Act], or [under a recess appointment or under another statute authorizing their appointment], in the performance of any function or duty of a vacant office to which this section and sections 3346, 3347, 3349, 3349a, 3349b, and 3349c apply shall have no force or effect. (2)An action that has no force or effect under paragraph (1) may not be ratified." 5 U.S.C. 3348(d).  As noted above, IAF is covered by the exception for government corporations headed by a multi-member body covered in Section 3349c, referenced here.

Sincerely,

Eddy Arriola
Chair, Inter-American Foundation Board of Directors

CC:    The Honorable Marco Rubio, Secretary of State
        The Honorable Scott Bessent, Secretary of the Treasury
        The Honorable Lindsey Graham, Chair of the U.S. Senate Committee on Appropriations
            Subcommittee on State, Foreign Operations, and Related Programs

---

[1] The absence of a presidentially appointed, Senate confirmed head of agency alone does not justify such extraordinary measures–such gaps regularly occur in the course of government operations. For example, the Federal Communications Commission had a lack of quorum for much of 2017 and 2018, preventing it from making critical decisions and the U.S. Merit Systems Protection Board had board vacancies from 2017-2022, preventing it from making decisions on appeals for years.

3

The Honorable Brian Schatz, Ranking Member of the U.S. Senate Committee on
　　　Appropriations Subcommittee on State, Foreign Operations, and Related
　　　Programs

The Honorable Mario Díaz-Balart, Chairman of the U.S. House of Representatives
　　　Committee on Appropriations Subcommittee on National Security, Department of
　　　State, and Related Programs

The Honorable Lois Frankel, Ranking Member of the U.S. House of Representatives
　　　Committee on Appropriations Subcommittee on National Security, Department of
　　　State, and Related Programs

The Honorable John Curtis, Chairman of the U.S. Senate Committee on Foreign
　　　Relations Subcommittee on Western Hemisphere, Transnational Crime, Civilian
　　　Security, Democracy, Human Rights, and Global Women's Issues

The Honorable Tim Kaine, Ranking Member of the U.S. Senate Committee on Foreign
　　　Relations Subcommittee on Western Hemisphere, Transnational Crime, Civilian
　　　Security, Democracy, Human Rights, and Global Women's Issues

The Honorable Maria Elvira Salazar, Chair of the U.S. House of Representatives
　　　Committee on Foreign Affairs Subcommittee on the Western Hemisphere

The Honorable Joaquin Castro, Ranking Member of the U.S. House of Representatives
　　　Committee on Foreign Affairs Subcommittee on the Western Hemisphere

Trent Morse, Deputy Director of Presidential Personnel

Peter Marocco, Director of the Office of Foreign Assistance, Department of State

Alan Monico, Acting Senior Procurement Executive, Department of the Treasury

Wesley Pickens, Bureau of The Fiscal Service, Department of the Treasury