**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SARA AVIEL,

*Plaintiff,*

–v.–

SERGIO GOR, *et. al.*,

*Defendants.*

Case No. 25-cv-00778-LLA

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO BRIEF SUMMARY JUDGMENT**

Defendants' representatives have previously taken actions that frustrated the timely implementation of this Court's preliminary injunction order. When it has suited them, the Defendants have deployed significant resources (including at least four DOJ Civil Appellate Attorneys) to write a twenty-five-page emergency stay motion in less than three days. A speedy resolution on the merits in this matter serves the public interest and the rights of the Plaintiff this Court has already recognized. This Court should keep the timeline it has already set and deny the Defendants' motion for additional time.

1. On April 4, 2025, at 3:17 PM, this Court issued an order granting Plaintiff's motion for a preliminary injunction and issued an order reinstating Plaintiff as the lawful head of the Inter-American Foundation (IAF). *See* Dkt. 23.

2. Thirty-two minutes *after* the Court issued its order, an email account, team@iaf.gov, created exclusively for the use of DOGE representatives Nate Cavanaugh and Ethan Shaotran, deactivated all administrative access for Dominic Bumbaca, the chief information security officer at IAF. *See* Dkt 35, Att. 1, at ¶ 36. Mr. Cavanaugh and Mr. Shaotran are

employees of the Defendant U.S. DOGE Service, which is led by Defendant Amy Gleason.

3. Solely as a result of these actions taken a half-hour *after* this Court's order issued, it was impossible for Ms. Aviel to resume her job as ordered by the Court. *See* Dkt 24 (explaining Ms. Aviel had no access to her official email and that Mr. Bumbaca could not access the IAF system to restore access).

4. Only after the Plaintiff went to this Court the following day, and the Court ordered a status update from the Defendants, did the Defendants restore rightful access to IAF systems for Ms. Aviel. *See* Dkt. 25.

5. On the Monday immediately following the Court's ruling, the Defendants filed a 25-page, 5,188-word emergency motion before the D.C. Circuit, signed by five Government attorneys, seeking an emergency stay of this Court's order and an immediate administrative stay. *See Aviel v. Gor*, 25-5105 (D.C. Cir.), Dkt. #2109590 (emergency stay application).

6. The Defendants were so eager to file their stay application before the D.C. Circuit that they failed to properly wait for this Court's ruling on their motion to stay prior to seeking relief from the D.C. Circuit. *See Aviel v. Gor*, 25-5105 (D.C. Cir.), Dkt. #2109711 (letter from the Government describing Defendants' flouting of DC. Cir. R. 8(a)(2)(A)).

7. This Court subsequently set a briefing schedule which provided a full two-weeks for the Defendants responses in this matter. Min. Order April 10, 2025.

8. Now, two days before briefing is due, Defendants claim they need more time.[1]

9. The Plaintiff opposes this request. First, representatives of Defendant DOGE

[1] As noted in the Defendants' motion, they consulted last night with counsel prior to filing today's motion. *See* Dkt. 38. At that time, counsel offered to agree to an extension if Defendants would either withdraw their stay application or agree to hold their stay application in abeyance for those five additional days. The Defendants appear to have declined the offer.

previously took steps *after this Court's order was issued* that had the effect of materially flouting the implementation of this Court's order, and required this Court's weekend intervention in order to rectify the situation.

10. Second, the same Defendants that now seek more time were able to file a 5000-word stay application in 72-hours before the Circuit Court, and were in such a hurry to do so that they did not even wait for this Court's ruling (or even their own reply briefing), as required by the Circuit Rules. While AUSA Bardo may be busy over the next two days (and the Plaintiff is not unsympathetic to his workload constraints), he makes no mention of the many other attorneys that have represented the Government in this matter on appeal, including at least four DOJ attorneys before the D.C. Circuit, and could surely assist in the crafting of the necessary legal briefing matters (since presumably the factual issues are settled, and the arguments consist mostly of legal issues already brought for consideration). And these attorneys are of course but a tiny portion of the thousands available to the Department of Justice.

11. Third, the scheduling in this matter coincides with the scheduling this Court set in *Cristosal v. Marocco*, 25-857-LKA, and pushing the schedule will impact timing of any potential hearing for those parties as well.

12. Finally, all parties agree this is an important matter. The public interest will be best served by a speedy resolution of this issue on the timeline the Court has previously ordered. All parties have interest in finality on this important issue on a complete record as soon as possible, rather than a preliminary order that assesses only the potential likelihood of success on the merits.

For these reasons, Plaintiff respectfully requests that the Court deny the Defendant's motion for five additional days.

Dated: April 30, 2025

/s/______________________
Aaron S.J. Zelinsky*
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
azelinsky@zuckerman.com

Aaron Chou (DC Bar No. 90020425)*
M Moore (DC Bar No. 90004368)
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8106
achou@zuckerman.com
mmoore@zuckerman.com

*Attorneys for Plaintiff Sara Aviel*

**Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2025, I served a true and correct copy of the foregoing document via the Court's Electronic Filing System, which will electronically send notice to all counsel of record.

*/s/*________________
Aaron S.J. Zelinsky

*Attorney for Plaintiff Sara Aviel*