UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARA AVIEL,

        *Plaintiff,*

        –v.–

SERGIO GOR, *et. al.*,

        *Defendants.*

Case No. 25-cv-00778-LLA

**NOTICE IN RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Sara Aviel respectfully submits this Notice in response to Defendants' Notice of Supplemental Authority, ECF No. 46, regarding *Trump v. Wilcox*, No. 24A966, 605 U.S. ___ (May 21, 2025) (per curiam). The *Wilcox per curiam* order does not alter the arguments raised by the parties in their fully-briefed motions for summary judgment. The Court should grant summary judgment in Ms. Aviel's favor. *Wilcox* does not change the calculus.

First, Defendants point to *Wilcox*, a *per curiam* order concerning a stay of reinstatement for terminated principal officers with for-cause removal protections, to argue that the President should be able to fire Ms. Aviel—an inferior officer—because the President has terminated the entire Board which supervises her. *See* ECF No. 46 at 1–2. But this argument (wrong though it is for the reasons given in Ms. Aviel's summary judgment briefing) is also completely beside the point, because that's not what happened here. The record is clear that when the President removed Ms. Aviel, at least one IAF Board member remained in office. *See* ECF No. 44 at 17 (uncontroverted facts showing that the President fired Ms. Aviel at the precise instant the President fired a Board member); ECF No. 45 at 7 (Defendants acknowledging that Ms. Aviel was fired

while the Board was still in place, but characterizing—without any factual support in the record—the email firing her as "sent prematurely"). It is unclear *even today* if the full IAF Board was ever actually removed by the President, because Defendants have failed to produce any record whatsoever of the purported termination. *See* ECF No. 44 at 12–13 (reiterating that Defendants bear the burden of proving removal and noting uncontroverted fact that at least one IAF Board member never received any notice of removal or indication that another person was appointed in his stead). By arguing that the President can fire Ms. Aviel *now* (which he has not done), Defendants seek an improper advisory opinion from this Court, which is outside the scope of Article III. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 346–48 (1936) (Brandeis, J., concurring).

Indeed, far from aiding Defendants, the *Wilcox per curiam* order provides further support for the bedrock rule that, absent legislation, an inferior officer can only be removed by the principal officer who appoints her. The *Wilcox* stay explicitly reaffirms the existence of "narrow exceptions" to the President's general removal power "recognized by our precedents." *Wilcox*, Slip Op. 4. The Supreme Court recognized one such exception clearly in *Free Enterprise Fund* when it stated that "removal is incident to the power of appointment." *Free Enterprise Fund v. Public Co. Acct. Oversight Bd.*, 561 U.S. 477, 509 (2010). The D.C. Circuit has noted the exact same: "the power to remove is held . . . only by the appointing authority." *Nat'l Treasury Emps. Union v. Reagan*, 663 F.2d 239, 247 (D.C. Cir. 1981). Thus, the rule that inferior officers may be removed only by their principal officers is precisely one of the "narrow exceptions" that the Supreme Court and D.C. Circuit have previously recognized. What no court in the 236 years since the adoption of the Constitution has recognized is the exception-to-the-exception Defendants now advance: a novel,

broad, unprecedented, and frightening rule that the President may enlarge his constitutional authority by terminating Senate-confirming officials.

Lastly, the Supreme Court stated in *Wilcox* that both the National Labor Relations Board and Merit Systems Protection Board "exercise *considerable* executive power." *Wilcox*, Slip Op. 1 (emphasis added). Defendants have never argued that Ms. Aviel exercises "*considerable* executive power" commensurate with the NLRB and MSPB. Nor does she. The IAF is not the NLRB or MSPB. *See Wilcox v. Trump*, No. 25-5057 (D.C. Cir. Mar. 10, 2025), Gov. Mot. for Stay at 5 (noting that the NLRB has "broad powers," including the ability to adjudicate actions, award remedies, issue rules and regulations, authorize petitions in Courts of Appeals, bring lawsuits in district courts, and make "conclusive" factual findings). *Wilcox* also had no concern that the NLRB or MSPB would be eliminated; here, the Court has found that the entire IAF would be destroyed without immediate intervention. Unlike the plaintiffs in *Wilcox*, Ms. Aviel will have no agency to return to if she wins, absent immediate action by this Court.

*Wilcox* concerns a different set of facts, a different class of officers, a different type of agency, and a different level of destruction. Even then, *Wilcox* reinforces the longstanding holdings of the Supreme Court and the D.C. Circuit that an inferior officer like Ms. Aviel may be removed only by the principal officer who appointed her.

Dated: May 28, 2025                                  Respectfully submitted,

/s/ Aaron S.J. Zelinsky
Aaron S.J. Zelinsky
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
Tel: (410) 332-0444
Fax: (410) 659-0436
azelinsky@zuckerman.com

                                                                                Aaron Chou (DC Bar No. 90020425)
ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8106
achou@zuckerman.com

*Attorneys for Plaintiff Sara Aviel*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on this 28th day of May, 2025, I caused the foregoing to be served on counsel of record via the Court's electronic case filing system.

                                                     */s/ Aaron S.J. Zelinsky*
                                                     Aaron S.J. Zelinsky

                                                     *Attorney for Plaintiff Sara Aviel*